# INSULAR DOCK COMPANY, Plff.,

*v.*

# P. J. CARLIN CONSTRUCTION COMPANY, AND SAN JUAN HARBOR BOARD, Dft.

San Juan, Equity, No. 955.

ON PETITION OF INTERVENTION.

Injunction—Intervention of Proper Parties.

    1. In a suit against a contractor to enjoin the erection of a bulkhead, a harbor board with whom the contract was made for its erection are proper though not necessary parties, and a petition for intervention by the board will be granted.

Insular Dock Co. v. P. J. Carlin Constr. Co.

Injunction—People of Porto Rico as Party.

    2. A harbor board, constituted by authority of the local legislature to erect a bulkhead by contract will be considered as representing the people of Porto Rico in a suit to enjoin the erection, and, upon admission of the board into the suit by intervention, it is unnecessary that the People of Porto Rico be made a party.

Opinion filed May 10, 1915.

————————

*Mr. H. G. Molina* for the complainant.

*The Attorney General of Porto Rico* for the San Juan Harbor Board.

HAMILTON, Judge, delivered the following opinion:

On Thursday last this matter came up, and the court decided that the original defendant was the only necessary party, that is, it so appeared upon the pleadings at that time, but it intimated that it thought the harbor board would be a proper party. Of course that could not be held and decided definitely at that time. It would be deciding an important point in the absence of the party, which might be contested. This simply by way of preliminary.

1. This afternoon the matter comes up in a different manner. The other day it was as to a proper party defendant. A proper party defendant is usually made such by the plaintiff himself. This course was not pursued, nor did the court on that occasion say that it would make the harbor board a defendant. It simply, out of courtesy to another branch of our common government, directed notice to issue to the harbor board, so that they could

take such steps as they thought proper. Now this afternoon the harbor board comes in and files a petition of intervention. This puts the matter in different shape. They ask to be made parties defendant, and it occurs to the court that what was said as to their being a proper party applies now even more fully than it did when said in their absence.

2. The work in question is claimed to be one of public utility, at all events, the harbor board is acting as a public board. Now as to whether it is a corporation and can sue and be sued or not does not seem to be essential. If it is not a corporation, it is a committee of officials, and, if they are made parties, they are made so in whatever is the proper form; and if an injunction is necessary against them, the injunction will issue against them in whatever is the proper form, whether as a committee or individuals or as a corporation. It seems to me that the petition should be granted.

3. New equity rule No. 37, about the middle, says: "All persons having an interest in the subject of the action and in obtaining the relief demanded may join as plaintiffs,"—of course these are not plaintiffs,—"and any person may be made a defendant who has or claims an interest adverse to the plaintiff. Any person may at any time be made a party if his presence is necessary or proper to a complete determination of the cause. Persons having a united interest must be joined on the same side as plaintiffs or defendants. Anyone claiming an interest in the litigation may at any time be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding." This is a new rule. It was not in the old rules at all. It was suggested by a bar committee of the circuit court of appeals of

Insular Dock Co. v. P. J. Carlin Constr. Co.

the eighth circuit.   Under the old rules it could be done by the judge without more.   Under this rule that is done away with.

4. The court will have to pass upon this petition, it having been made; and it would seem as if, they being proper parties, the petition should be granted, not so much on the ground of the work's being a matter of public utility, although that might influence the court, as upon the fact that the defense is not complete in any proper sense of the word when we have simply the contractor before us.   It is complete in the sense that I can make the contractor do this, that, or the other, but it is not complete so far as the contractor is concerned.   He is responsible over to somebody else, and it would seem as if he should be protected to the extent of having the person to whom he is responsible over made a codefendant with him, so that if this court should decide to grant the injunction, which, of course, it is not passing on now, his grantor will be affected by the injunction just as much as the contractor himself.   There can then be no question of damages or anything else between them.

5. If that is to be done, the person who must be made a codefendant by intervention must be the person or persons making up the other side of the contract.   If the contractor is to be protected in that way, the person who made the contract with him must be made a party, that is, this harbor board, and this court will proceed against them in the same way in which they signed this contract; whatever way that was, it is the way the court will proceed, because it wants to have both sides of that contract represented in court.   This has its analogy, although it is imperfect, in the proposition that has obtained for centuries in bringing in the landlord where the tenant is sued in any way that affects the contract between him and the landlord.   He has

Insular Dock Co. v. P. J. Carlin Constr. Co.

the right to call on the landlord and the landlord is thereupon made a party. That is an old common-law rule while the present case is governed by this entirely new equity rule, but the principle is somewhat the same. So I think that this petition must be granted and the harbor board will be made a party defendant.

6. The argument has gone very largely upon the basis that the party really in interest is the people of Porto Rico, and not the harbor board, and that therefore some proceeding should be had or some proceeding not had, as the case may be, that will force the people of Porto Rico as such to come in. Reference is made to the Ramos case and to other cases. I am not sure, and it is not necessary to say, whether the people of Porto Rico could be sued in this kind of a case or not. I do know this, as I intimated the other day that there is nobody above the law, whether it is named the people of Porto Rico or named the United States of America. Anyone who is carrying out an illegal act, no matter whom he represents, could be restrained, and if it should be necessary, which I do not pass on, to make the people of Porto Rico as such parties in order to prevent some illegal act from being done, that would present a question which I would consider very seriously. Courts cannot permit an unconstitutional act, no matter by whom it is committed, and if that should be true here my impression now is that I would not want to proceed on a mere suggestion by the people of Porto Rico. I am not deciding that, but I am saying that I do not think that would be the way to get at it. That would be the people of Porto Rico appearing for the purpose of getting what they wanted in the litigation without any responsibility over if they should lose in the litigation, and this does not commend

VIII. Porto Rico—3.

itself to the court. But it is not necessary to pass upon that right now. The point in my mind is this, that for the purposes of this suit, this injunction matter, the people of Porto Rico are the harbor board, and this will serve the plaintiff's purpose as well as any other statement of it. Of course the court in holding this may be wrong, but it will be the holding of the court in this case that whatever is done as to the harbor board is done against the officials, and the only officials who can do anything about this harbor front in the way which is now in litigation are the harbor board. The people of Porto Rico may be able to do a great many things. They have, under the organic act, a right to do a great many things, but they can only do them in a lawful manner, and where legislation is required, as would be true in this case, to issue bonds to get money to do anything, they can only act through that branch of the government which is prescribed in the legislation, and that happens to be the harbor board. So, in the view of the court, the people of Porto Rico for the purposes of the particular matter before the court are represented by the only persons who can represent them; that is to say, by the harbor board.

It might be possible for the local government to have a contingent fund and go ahead and do some public work, but that is of such remote possibility that it need not be taken into account. It seems to me that the only way that the people of Porto Rico can act, certainly the only way they are going to act, with regard to this harbor front next to pier No. 2, is through the harbor board. So that when the harbor board is made a defendant, all who can do anything in this case are before the court. The court does not think it worth while to take into account any abstract rights or any abstract questions of what the people of Porto Rico

Insular Dock Co. v. P. J. Carlin Constr. Co.

may do outside of acting through the harbor board. That being so, the petition is granted and the harbor board is made a party defendant.